**Sean Bertulfo JIMENEZ; Emee Salazar–Jimenez,**
Petitioners,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–71884.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 29, 2009.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Monica Ganjoo, Esquire, Ganjoo Law Office, San Francisco, CA, for Petitioners.

Stephen Elliott, Esquire, OIL, David Schor, Patricia Ann Smith, Aviva Poczter, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Sean Bertulfo Jimenez, and his wife, Emee Salazar–Jimenez, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey,* 512 F.3d 1163, 1166 (9th Cir.2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir.2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny in part and dismiss in part the petition for review.

We do not reach petitioners' challenge to the IJ's denial of asylum on the merits, because petitioners failed to exhaust the IJ's dispositive finding that their asylum application was time-barred.

We reject petitioners' claim that they are eligible for withholding of removal based on Jimenez's membership in a particular social group, namely, persons who oppose and fear both the Kuratong Beleleng criminal gang, and Ricardo Uy, a member of that gang. *See Barrios v. Holder,* 581 F.3d 849, 854–56 (9th Cir. 2009) (rejecting as a particular social group "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"); *Santos–Lemus v. Mukasey,* 542 F.3d 738, 745–46 (9th Cir. 2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence") (internal quotation omitted). Accordingly, because petitioners failed to demonstrate that any persecution would be on account of a protected ground, we deny the petition as to petitioners' withholding of removal claim.

We lack jurisdiction to consider petitioners' challenge to the denial of CAT relief and their contention regarding interpretation errors, because those issues were not exhausted before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.